IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES B. MORRIS,

      Plaintiff,

                                CV 3:09-CV-620-PK

                                OPINION AND
v.                                ORDER

MICHAEL C. ZUSMAN, SUSSMAN
SHANK LLP, NENA COOK, JEFF D.
BRECHT, GRENLEY, ROTENBURG,
EVANS, BRAGG & BODIE, P.C., and
GARY I. GRENLEY,

      Defendants.

PAPAK, Magistrate Judge:

      Plaintiff James B. Morris filed this legal malpractice action against his former attorneys,

defendants Evans & Zusman, PC ("Evans & Zusman"), Michael C. Zusman ("Zusman," and,

collectively with Evans & Zusman, the "Evans & Zusman defendants"), Sussman Shank LP

("Sussman Shank"), Nena Cook ("Cook"), Jeff D. Brecht ("Brecht" and, collectively with

Sussman Shank and Cook, the "Sussman Shank defendants"), Grenley, Rotenberg, Evans, Bragg

& Bodie, P.C. ("Grenley Rotenberg"), and Gary I. Grenley ("Grenley" and, collectively with

Grenley Rotenberg, the "Grenley Rotenberg defendants"), on June 4, 2009.  Morris was the

Page 1 - OPINION AND ORDER

founder and CEO of Simutech Corporation ("Simutech").  In 1999, Simutech introduced an

integrated circuit prototyping system it called "RAVE."  Shortly thereafter, in November 1999,

Simutech and Cadence Design Systems, Inc. ("Cadence"), entered into an agreement (the

"Simutech/Cadence agreement") pursuant to which Simutech licensed Cadence to resell RAVE

systems manufactured by Simutech for that purpose.  Simutech began experiencing financial

problems in 2001, and on June 30, 2001, the Simutech/Cadence agreement was terminated by the

parties thereto.  According to Morris, the financial difficulties Simutech experienced at that time

were caused by Cadence's misappropriation of Simutech's trade secrets and breach of the

Simutech/Cadence agreement.

When Simutech began experiencing financial problems in 2001, it went to one of its

original investors, Kirnaf Ltd., for a bridge loan.  Kirnaf provided bridge financing secured by all

of Simutech's assets.  In the fall of 2001, Simutech defaulted on its repayment obligations, and

Kirnaf foreclosed on its lien.  Kirnaf purchased all of Simutech's assets at public auction in

September 2001.  On November 13, 2001 Kirnaf contributed the Simutech assets and $750,000

to form a new company, RaveSim, Inc. ("RaveSim").

Morris' claims against his former attorneys arise out of their alleged negligence in

representing Morris in connection with claims of misappropriation of trade secrets and breach of

contract that Simutech may have had against Cadence.  Specifically, by and through his

complaint Morris alleges the Grenley Rotenberg defendants' negligence in drafting an agreement

(the "Settlement Agreement") to settle a state-court lawsuit Morris brought against RaveSim in

November 2001 (Morris alleges that but for the Grenley Rotenberg defendants' negligence in

drafting the Settlement Agreement, the Settlement Agreement would have effected the

Page 2 - OPINION AND ORDER

assignment from RaveSim to Morris of whatever claims against Cadence RaveSim might have acquired in connection with the purchase of Simutech's assets, and would therefore have prevailed in one or more of his subsequent lawsuits against Cadence and obtained a judgment for money damages against Cadence) and the Zusman's and the Sussman Shank defendants' negligence in advising Morris in connection with and in prosecuting a 2004 action brought by Morris in this court against Cadence (Morris alleges that but for Zusman's and the Sussman Shank defendants' negligence in advising him prior to filing the 2004 action he would not have initiated the action and would not have incurred attorney fees to prosecute it, and in the alternative that but for Zusman's and the Sussman Shank defendants' negligence in prosecuting the 2004 action he would have prevailed in that action and obtained a judgment for money damages against Cadence). This court has jurisdiction over Morris' action pursuant to 28 U.S.C. § 1332(a), based on the complete diversity of the parties and the amount in controversy.

On July 26, 2011, based on the parties' stipulations, I dismissed Evans & Zusman as a defendant in this action. On July 28, 2011, I granted partial summary judgment in favor of Zusman and the Sussman Shank defendants as to some but not all of Morris' grounds for seeking money damages against those defendants, on the theory that but for their negligence Morris would have successfully obtained a money judgment against Cadence. On March 9, 2012, on the grounds that the money damages available to Simutech in any action against Cadence would have been capped at zero pursuant to a provision of the Simutech/Cadence agreement, and that Morris' claims against Cadence would have been subject to the same cap had he received a timely, perfected assignment of those claims, I granted summary judgment in all defendants' favor to the extent of Morris' prayer for money damages against them in the amount of the

judgment Morris might have received from Cadence but for his attorneys' alleged negligence. Following my Opinion and order of March 9, 2012, the only money damages still available to Morris in connection with this action were damages in the amount of the attorney fees he unnecessarily incurred in connection with his unsuccessful 2004 lawsuit against Cadence.

On April 9, 2012, Morris submitted to the court written notification of his intention not to pursue damages from any defendant in the amount of the attorney fees he unnecessarily incurred in connection with his unsuccessful 2004 lawsuit against Cadence. On April 11, 2012, the parties held a telephone conference to discuss issues raised by Morris' notification. In the course of the telephone conference, Morris confirmed that he does not intend to seek damages in such amount, and that he has abandoned his claim to any such recovery. Morris further clarified that his stipulation does not extend to his claimed right to recover damages in the amount of the value of Simutech's putative claims against Cadence.

Also in the course of the telephone conference, in light of Morris' stipulation, defendants moved orally for summary judgment. It being the law of the case that the only damages available to Morris in this action are damages in the amount of the attorney fees he unnecessarily incurred in connection with his unsuccessful 2004 lawsuit against Cadence, and Morris having stipulated that he will not pursue such damages, defendants' oral motion is granted. Morris' claims in this action are dismissed. Having stated for the record his continuing and uninterrupted opposition to this court's previous decision to enter partial summary judgment in defendants' favor as to Morris' claimed right to recover money damages from the defendants in the amount of the value of Simutech's putative claims against Cadence, and on the understanding that he has thereby preserved that issue for appeal, Morris does not oppose entry of judgment on the foredescribed

Page 4 - OPINION AND ORDER

terms.

## CONCLUSION

For the reasons set forth above, summary judgment is granted in defendants' favor as to all of Morris' claims in this action, and Morris' claims are dismissed with prejudice.  Final judgment should be prepared.

Dated this 12th day of April, 2012.

Honorable Paul Papak
United States Magistrate Judge

Page 5 - OPINION AND ORDER